UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ANTHONY GRIMES, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF BRISBANE, et al., <br><br> Defendants. | Case No. 17-cv-01026-WHO <br><br> **ORDER GRANTING MOTION TO DISMISS** |

## INTRODUCTION

This case is one of several arising out of a child dependency matter and the removal of plaintiffs Anthony Grimes's and Theresa Martinez's three minor children from a home in Brisbane on April 19, 2016, by Geraldine Ayerdis, a San Francisco protective services social worker. Three Brisbane police officers, S. Sevilla, L. Olson, and Shaun Hunt, provided a civil standby for Ayerdis while she entered the home, questioned the minor children, and removed them from the property. Grimes has brought claims against the City of Brisbane, Brisbane Police Chief Lisa Macias, and Officers A. Sevilla, L. Olson, and Shaun Hunt (collectively "the Brisbane Defendants") for their involvement in the removal in the case *Grimes v. City of Brisbane*, No. 17-cv-2016-WHO. The children's mother, Maria Theresa Martinez, has brought a parallel lawsuit against the same defendants in related case *Martinez v. City of Brisbane*, No. 17-cv-1025-WHO. She brings identical claims and alleges the same facts.[1] *Id.*

The Brisbane Defendants have moved to dismiss both cases against them for failure to state a claim. They also argue that Ayerdis and the City and County of San Francisco are

---

[1] Grimes has brought separate claims against Ayerdis, Danielle Mendoza (another San Francisco social worker), and the City and County of San Francisco (collectively "the San Francisco Defendants") in a third related lawsuit based on the same general facts. *See Grimes v. Ayerdis*, No. 16-cv-6870-WHO.

indispensable parties to these actions and should be joined as defendants if the cases proceed. Plaintiffs Grimes and Martinez have not stated facts that would allow claims against the Brisbane Defendants; I will GRANT the motions to dismiss and give plaintiffs leave to amend their complaints.[2] I will not address the indispensable party argument at this time.

## BACKGROUND

Grimes and Martinez allege that on April 18, 2016, the Brisbane police officers "provided a civil stand by for San Francisco county worker Geraldine Ayerdis" while she attempted to remove their three minor children from Martinez's home in Brisbane, California. Grimes Complaint at 10 (17-cv-1026, Dkt. No. 1); Martinez Complaint at 11 (17-cv-1025, Dkt. No. 1).[3] Ayerdis reportedly told the Brisbane officers that the children were in danger from Grimes and that the children were protected parties in a restraining order against him. *Id.* The officers and Ayerdis went to the Brisbane home around 7:00 p.m. on April 18, 2016. *Id.* They did not have a warrant to enter or search the property. *Id.* Ayerdis and the officers knocked on the home's security gate and flashed lights on the home. *Id.* Ayerdis began making phone calls to the children's mother, Martinez, explaining that she wanted to check on the children. *Id.* She informed Martinez that if she was not let into the house she would obtain a warrant. *Id.*

Around 3:00 a.m. on April 19, 2016, Martinez returned Ayerdis's calls and "believing the lies" that Ayerdis wanted to check on the children's safety allowed Ayerdis and the Brisbane officers to enter the home. Grimes Complaint. at 10-11; Martinez Complaint at 11-12. The Brisbane police officers then "began searching the home of the children" for Grimes. Grimes Complaint at 11; Martinez Complaint at 12. They then "assisted" Ayerdis "in the warrantless

---

[2] I am entering this identical Order in both cases 17-cv-1026 and 17-cv-2016.

[3] Grimes attaches over 100 pages of additional exhibits and documents to his opposition and Martinez attaches close to 80 pages to hers. *See* Declaration of Grimes in Support of Opposition (Grimes Dkt. No. 26); Declaration of Martinez in Support of Opposition (Martinez Dkt. No. 19). I cannot consider new facts alleged in the plaintiffs' briefs in deciding the pending motions to dismiss and do not consider these documents. Both plaintiffs have also filed "Answers" to the Brisbane Defendants' replies in support of their motions to dismiss. These "Answers" are functionally improper sur-replies and I do not consider them. Grimes and Martinez may wish to visit the link entitled Pro Se Litigants on the Court's homepage, www.cand.uscourts.gov which has useful resources for Pro Se plaintiffs, including information about the rules and procedures for filing and responding to motions.

removal of the plaintiff children from their home."[4] *Id.*

Based on these allegations, Grimes and Martinez bring the same six claims against the Brisbane defendants in two separate complaints: (1) officers A. Sevilla, L. Olson, and Shaun Hunt violated the plaintiffs' Fourth Amendment rights by attempting to remove the children from their home around 7:00 p.m. on April 18, 2016 (2) this conduct also violated plaintiffs' Fourteenth Amendment rights; (3) officers A. Sevilla, L. Olson, and Shaun Hunt violated plaintiffs' Fourth Amendment rights by assisting in removing the children from their home around 3:00 a.m. on April 19, 2016; (4) this conduct also violated plaintiffs' Fourteenth Amendment Rights; (5) the City of Brisbane and Police Chief Lisa Macias violated plaintiffs' Fourth Amendment rights because they failed to properly train the officers; and (6) the City of Brisbane and Police Chief Lisa Macias violated plaintiffs' Fourteenth Amendment rights because they failed to properly train the officers. Grimes Complaint at 15-16; Martinez Complaint at 16-17.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the

---

[4] The Complaints contain a number of additional allegations related to the conduct of Ayerdis and Danielle Mendoza before and after the events on April 18 and 19, 2017. These allegations do not allege unlawful conduct on the part of the Brisbane Defendants and the plaintiffs do not bring any claims against the Brisbane Defendants on the basis of them.

3

plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

**DISCUSSION**

Grimes and Martinez have failed to allege sufficient facts to state a constitutional claim against any of the Brisbane defendants. I explain why below.

**I.     CHIEF MACIAS AND THE CITY OF BRISBANE**

Grimes and Martinez bring § 1983 claims against Chief Macias and the City of Brisbane, alleging that these defendants violated their Fourth and Fourteenth Amendment rights by failing to adequately train officers Sevilla, Olson, and Hunt. To state a valid § 1983 claim, a plaintiff must demonstrate that the defendant (1) acted under color of state law; and (2) deprived the plaintiff of a constitutional or federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). There is no vicarious liability for § 1983 claims, meaning that one person cannot be held liable for the actions of another. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 736 (1989) ("we have rejected *respondeat superior* as a basis for holding a state actor liable under § 1983"). To state a 1983 claim against a supervisor or employer, a plaintiff must allege specific facts that indicate that the employer's conduct caused the constitutional deprivation. *See Snow v. McDaniel*, 681 F.3d 978, 989 (2012) (Under § 1983 "[a] supervisor may be liable [for the actions of an employee] only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.").

Plaintiffs' only allegation against Police Chief Macias and the City of Brisbane are that they failed to adequately train officers Sevilla, Olson, and Hunt. General allegations like these, without any specific factual explanation how and in what way Macias or the City failed to train the officers, are insufficient when attempting to plead a § 1983 claim. *See Moss v. United States Secret Service*, 711 F.3d 941, 967 (9th Cir. 2013) *rev'd on other grounds* (plaintiffs failed to allege sufficient facts to establish supervisor culpability on § 1983 claim where they alleged only that the supervisors "directed and approved of the actions of the police" but did not specify which actions they directed and "d[id] not allege that the supervisors directed or approved the *tactics*"); *Ochoa v. City of Hayward*, No. 14-c-02385-DMR, 2014 WL 4088203, at *4 (N.D. Cal. Aug. 19, 2014) (1983 claim against police Chief based on failure to train was insufficient because plaintiff did not allege that the Chief knew of any history of past police abuses or that the Chief implemented a "specific policy" that resulted in the violation).

The plaintiffs have failed to state a claim against Chief Macias and the City of Brisbane as they have not alleged any facts that would indicate that these defendants were involved in the constitutional deprivation plaintiffs have alleged (the warrantless removal of the children) or that these defendants engaged in any specific conduct that caused the deprivation. The claims against defendants Macias and the City of Brisbane are DISMISSED.

## II. OFFICERS SEVILLA, OLSON, AND HUNT

Plaintiffs allege that officers Sevilla, Olson, and Hunt participated in "attempting to remove" the children from Martinez's home around 7:00 p.m. on April 18, 2016, and for "assisting" in removing the children from the home around 3:00 a.m. on April 19, 2016. Assuming the truth of those allegations, plaintiffs have not stated a claim against the officers.

### A. The "attempted removal" claims

Plaintiffs' claims regarding the attempted removal around 7:00 p.m. are insufficient because plaintiffs have not alleged any constitutional or statutory deprivation as a result of this incident. To state a § 1983 claim there must be an actual constitutional or statutory violation – an attempted violation is not sufficient. Plaintiffs' only allegations against the officers with regard to this part of the evening are that the officers went with Ayerdis to the home of the children around

1    7:00 p.m. without a warrant, knocked on the security gate, and flashed lights on the home. Grimes

2    Complaint at 10; Martinez Complaint at 11. The officers did not enter the home, did not speak to

3    the children, and did not remove the children from the home at this time. This conduct did not

4    result in any search or seizure and did not deprive Grimes, Martinez, or the children of any

5    constitutional rights.

The plaintiffs' 1983 claims against the officers based on their participation in the "attempted removal" of the children from their home are DISMISSED as plaintiffs have failed to allege a deprivation of any constitutional or statutory rights as a result of this conduct.

### B. The "assisting in removal" claims

Plaintiffs' claims regarding "assisting in removal" are also insufficient to state a § 1938 claim against the officers because they have failed to state any constitutional or statutory deprivation as a result of the *officers'* actions. Plaintiffs allege that around 3:00 a.m. on April 19, 2016, Martinez contacted Ayerdis and, "believing the lies" Ayerdis was telling about wanting to check on the children, allowed Ayerdis and the officers to enter her home. Grimes Complaint at 10-11; Martinez Complaint at 11-12. They further allege that the Brisbane police officers entered the home, "began searching the home of the children" for Grimes, and then "assisted" Ayerdis "in the warrantless removal of the plaintiff children from their home." Grimes Complaint at 11; Martinez Complaint at 12.

There is no dispute that the improper seizure and removal of children is a constitutional injury. *See Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000) ("Parents and children have a well-elaborated constitutional right to live together without governmental interference."); *Rogers v. Cnty. of San Joaquin*, 487 F.3d 1288 (9th Cir. 2007) (Officials violate the Fourth and Fourteenth Amendments if they remove children from a home without a warrant or a reasonable belief that the child is in imminent danger of serious bodily injury). The problem, for the purposes of this motion to dismiss, is that plaintiffs have not explained, with specific facts, how the officers assisted in causing this alleged injury. Plaintiffs' allegations focus on the actions of the San Francisco social worker, Ayerdis, who is not a defendant in the two Brisbane actions. According to plaintiffs' allegations, it was Ayerdis who contacted Martinez and convinced her to let her and

6

the officers into the house, it was Ayerdis who spoke to the children, and it was Ayerdis who removed the children from the home. Grimes Complaint at 10-11; Martinez Complaint at 11-12.

With regard to the officers, plaintiffs only allege that the officers entered the home after Martinez gave her consent and were then present while Ayerdis, not the officers, removed the children from the house. Plaintiffs vaguely state that the officers "assisted" in the removal process but provide no specific facts about what exactly the officers did to assist. The police report attached to the complaints regarding the incident states only that the police "conducted [a] civil stand by as Ayerdis retrieved the children from [the home]." Grimes Complaint at 17; Martinez Complaint at 18. These allegations indicate that the officers were present while Ayerdis removed the children from the home but do not show that they personally participated in the removal or contributed to the injury alleged.

"To establish individual liability under 42 U.S.C. § 1983, a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the constitution." *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (emphasis added). "Conclusory allegations and generalities without any allegation of the specific wrong-doing by each Defendant" are not sufficient. *Id.* Plaintiffs must allege specific facts, not just generalities, that explain precisely how each officer participated in the removal and caused the constitutional violations plaintiffs have alleged. The general allegation that the officers "assisted" in the removal is not sufficient to state a § 1983 claim against the officers.

Even if these allegations were sufficient to state a constitutional deprivation based on the officers' conduct, the claims would fail. On the facts alleged, the officers are entitled to qualified immunity, which shields police officers from 1983 liability if, given the information they possessed at the time, "a reasonable officer could have believed" the conduct was lawful. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991).

Plaintiffs' allegations indicate that the officers reasonably believed that Ayerdis was acting appropriately by removing the children from Martinez's home. Plaintiffs concede that a social worker may remove children from a home without a warrant if there is "reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the

7

intrusion is reasonably necessary to avert that specific injury." *Mabe v. San Bernardino Cnty, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107 (9th Cir. 2001). Based on plaintiffs' allegations, the officers reasonably believed that there were exigent circumstances and that Ayerdis was acting within the law by removing the children.

Plaintiffs allege that Ayerdis, a San Francisco social worker, told the Brisbane officers that the three children were in danger from Grimes. Grimes Complaint at 11; Martinez Complaint at 12. Plaintiffs further allege that Ayerdis told the officers that there was a restraining order protecting the children from Grimes, that Grimes had a violent past and had been abusive toward the children's mother, Martinez, and that Grimes had been texting Martinez that day. Grimes Complaint at 11, 17; Martinez Complaint at 12. 18. Plaintiffs strongly deny these claims and assert that Ayerdis lied to the officers. *Id.* But they do not allege that the officers had reason to believe Ayerdis was lying; instead, they repeatedly assert that Ayerdis "misled" the officers.

In assessing whether the officers are entitled to qualified immunity, the question is not whether there actually were exigent circumstances to remove the children from the home but whether the officers reasonably believed that they were acting lawfully by accompanying Ayerdis to the home and providing a civil standby. The officers did not have any personal knowledge of this child dependency issue and relied on what Ayerdis, a professional San Francisco social worker, told them. They also relied on Ayerdis's knowledge, expertise, and judgment in determining that the children should be removed from the home. The officers had every reason to believe that Ayerdis was telling them the truth, that the children were in danger, and that removal was appropriate. Because "a reasonable officer could have believed" that their conduct was lawful, they are entitled to qualified immunity on plaintiffs' § 1983 claims. *See Hunter*, 502 U.S. at 228.

Plaintiffs have failed to state a valid 1983 claim against the officers based on the removal of the children on the morning of April 19, 2016. Plaintiffs have not alleged that the officers' conduct (as opposed to Ayerdis's) caused a constitutional deprivation. Further, even if the officers' conduct had caused a constitutional deprivation they would be entitled to qualified immunity because a reasonable officer would have believed that their conduct was lawful at the

8

time.  These claims must be DISMISSED.

## CONCLUSION

Plaintiffs have failed to state a claim against any of the Brisbane defendants.  Their six claims for relief are DISMISSED.  Plaintiffs will have leave to amend these claims within thirty days of the date of this Order.

**IT IS SO ORDERED.**

Dated: June 20, 2017

William H. Orrick
United States District Judge